[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed an application seeking to vacate, correct or modify an arbitration award. The plaintiff, however, has not provided support for a claim that the arbiters' actions exceeded their authority in the submission for arbitration. Without evidence to the contrary, the submission is presumed to be proper.
The plaintiff alleges that the arbiters failed to conform to the laws of the State of Connecticut, thereby exceeding their powers and/or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made in that they inadequately compensated the plaintiff. Our Supreme Court has stated that "[t]he party challenging the award bears the burden of producing evidence sufficient to invalidate or avoid it, and only upon a showing that it falls within the proscriptions of § 52-418 of the General Statutes, or procedurally violates the parties' agreement will the determination of the arbitrator be subject to judicial inquiry." (Citations omitted; internal quotation marks omitted.) O G/O'Connell Joint Venture v. Chase Family Limited Partnership No.3, 203 Conn. 133. 145-46 (1987). In the present case, the plaintiff has done little more than make a naked assertion that the arbiters exceeded their power. The record presented to the court of the arbitration proceedings consists of the arbiters findings and award, and the appropriate page of the policy at issue. The application is not supported by a transcript of the proceedings, and based on the record before the court, it is found that the plaintiff has not met his burden of producing enough evidence to attack the award. See Ancheff v. Bedard, Superior Court, judicial district of Waterbury, Docket No. 096494 (October 18, 1991, Zoarski, J.). Thus, the application to vacate, correct or modify the arbitration award is, accordingly, denied.
Moraghan, J.